Taíiaeeero, J.
In September, 1866, the defendant was arrested in the parish of East Baton Rouge on the charge of having stolen at Clinton, in the parish of East Feliciana, a horse, the property of H. L. Latil. The magistrate, before whom the accused was examined, required him to furnish a bond in the sum of five hundred dollars, with a sufficient surety or sureties, or in default thereof to be imprisoned. Clark Shelvin, the appellant in this case, became surety for the accused, and executed with him the required bond, which was conditioned that the defendant should appear in the District Court of the Fifth Judicial District, at its next sitting, in and for the parish of East Baton Rouge, on the first Monday of November, 1866, to answer the charge preferred against him. The defendant failed to appear according to the tenor of the bond, and the District Attorney moved for an order of the Court declaring a forfeiture of the bond. Shelvin, the surety, filed an answer to the motion, alleging the following objections to the rendition of tho order:
1. That there was no order rendered by the committing magistrate, or any other competent officer, admitting the accused to bail or fixing the amount of the bond.
2. That the magistrate was without authority to. admit the party to bail, as it appears from the bond that the offense charged was committed in the parish of East Eeliciana. - ;
Although, in the matter charged against him, the accused may, in the general acceptation of what constitutes the crime of larceny, have been guilty of that offense in the parish of East Baton Rouge as well as in the parish of East Eeliciana, and therefore indictable in the former parish, yet, a statute of the State founded in motives of public interest and convenience, directs that in cases of this kind “the offender shall be committed to prison until he can be transferred to the parish where. the offense is alleged to have been committed.” Revised Statutes, page 167, section ”45.
The committing magistrate erred in not following the statute, and the bond taken was therefore unauthorized.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed. It is further ordered, that the defendant and appellant have judgment in • his favor, relieving him from all obligation on the bond sued, upon.